IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| BRANDON BLACKMON, for himself individually, and DANIEL J. SEVART, as conservator of the Estate of Brandon Blackmon[1], )<br>)<br>)<br>)<br>)<br>Plaintiff,       )<br>)<br>v.                             )<br>)<br>THE BOARD OF COUNTY COMMISSIONERS )<br>OF SEDGWICK COUNTY, KANSAS,      )<br>et al.,                        )<br>)<br>Defendant.     )<br>_____) | **CIVIL ACTION**<br><br>No.  05-1029-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss, or in the alternative, for a more definite statement. (Docs. 47, 54, 65). The motion has been fully briefed and is ripe for decision. (Docs. 48, 55, 66, 70, 77). Defendants' motion is denied, for the reasons herein.

**I.   FACTS**

Plaintiff Brandon Blackmon was placed in confinement at the Juvenile Detention Facility (JDF) in Wichita, Kansas, on January 31,

---

[1] Blackmon was nineteen years of age at the time this suit was filed and has not been adjudicated incompetent. According to Fed. R. Civ. P. 17(a), "[e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust . . . or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought." Blackmon has not asserted that Daniel Sevart is qualified to bring this action under Rule 17(a). (Sevart died in December 2005). The rules only contemplate a conservator in the case of infancy or incompetency.  Fed. R. Civ. P. 17(c). Accordingly, the real party in interest would appear to be Brandon Blackmon and he shall be substituted as plaintiff.

1997, pursuant to Sedgwick County Judge Bacon's order to detain. At the time of his detention, Blackmon was only eleven years old and the other juveniles at JDF towered over him. On March 12, 1997, Blackmon was adjudicated a juvenile offender and was remanded to the temporary custody of the Kansas Department of Social and Rehabilitation Services (SRS). Blackmon remained at JDF until March 25, 1997. During this time period, JDF staff, all of whom are named as defendants in their individual capacities, placed Blackmon in a restraint chair six times with additional restraints or shackles and, on occasion, additionally required him to wear a paper gown. These actions were done in full view of other juveniles. Due to his confinement, Blackmon's behavior and emotional stability deteriorated and Blackmon engaged in self-destructive and suicidal behavior. (Doc. 1 at 13-14).

Blackmon was hospitalized on March 25, 1997, at Providence Medical Center as a result of his psychological deterioration. Blackmon did not exhibit signs of self-destructive behavior at the hospital. After his release on April 4, 1997, Blackmon returned to JDF. Blackmon was placed in dorm B at JDF with older and larger boys until May 7, 1997. During this placement, Blackmon returned to his self-destructive behavior. Blackmon attempted to strangle himself, banged his head on the wall and had altercations with other juveniles. Blackmon was also placed in the restraint chair on May 1, 1997 for two hours. (Doc. 1 at 14-16).

On May 7, 1997, Blackmon was placed at a residential facility in Salina, Kansas. Blackmon remained at this facility until July 11, 1997, when he was again placed at JDF. Blackmon remained at JDF until August 10, 1997, where he continued his self-destructive behavior.

Blackmon's complaint alleges in count 1 that defendant County Board violated his substantive due process rights by: failing to adequately monitor Blackmon and other residents to avoid physical confrontation; failing to ensure a qualified and sufficiently trained staff to provide adequate behavioral mental health treatment; failing to ensure a qualified and sufficiently trained staff to recognize placement at JDF was inappropriate; failing to make recommendations to authorities with regard to the inappropriateness of Blackmon's confinement; inappropriate placement within its facilities; inability or failure to maintain appropriate staffing levels; and subjecting Blackmon to harsh and punitive corrective sanctions inappropriate for his age and behavior. (Doc. 1 at 18-21).

Blackmon's complaint alleges in count 2 that defendants Masterson, Sutton, Lambert, Vierthaler, Tyson, Guiterrez, Martin, and Hittle violated Blackmon's substantive due process right by failing to adequately supervise and train JDF staff; acquiescing in, approving, or tolerating JDF staff's use of the restraint chair and paper gown; acting with deliberate indifferent to Blackmon's rights to be free from harm, placement in a safe environment, and to receive appropriate treatment. (Doc. 1 at 22-23).

Blackmon's complaint alleges in count 3 that defendants Taylor, Fitzjarrald, Whitson, Smith, Cavannaugh, Caley, Franklin, McConnaughey, Johnson, Pelly, Price, Akpan, Johnson, Elder, Blake, Clinger, Fouquet, Jernigan, Laslie, and Rice were responsible for monitoring the residents of JDF. Blackmon alleges that these defendants breached their affirmative constitutional obligations to him when they failed to (a) adequately monitor Blackmon and other

residents to avoid violent, physical confrontation between residents, (b) recognize Blackmon's deteriorating mental state and his self-mutilating behavior was a result of his inappropriate placement at JDF, (c) take affirmative steps to recommend removal of Blackmon from JDF, and (d) exercise proper professional judgment by subjecting Blackmon repeatedly to inappropriate, harsh and punitive corrective sanctions despite his age and mental state.  (Doc. 1 at 23-24).

The individual defendants have filed a motion to dismiss on the basis of quasi-judicial and qualified immunity.  In the alternative, defendants request that Blackmon file a more definite statement.

**II.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)).

In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

**III. ANALYSIS**

    **A.  Quasi-Judicial Immunity**

"Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, officials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990)(internal citations omitted). Quasi-judicial immunity, however, only extends to acts prescribed by the judge's order. Id. at 1474. Presumably the order was simply an order of confinement. Blackmon, however, is not alleging a violation of his rights based on his admission to JDF. Rather, Blackmon's allegations focus on the activities that occurred in the facility after placement. Accordingly, defendants are not accorded absolute immunity but are only entitled to assert qualified immunity. Id.

    **B.  Qualified Immunity**

Blackmon seeks monetary damages pursuant to 42 U.S.C. § 1983. That statute renders liable any person who "under color of [law] . . . subjects, or causes to be subjected, . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Section 1983 was enacted to provide protections to those persons wronged by the misuse of power. While the statute itself creates no substantive civil rights, it does provide an avenue through which civil rights can be redeemed. See

Wilson v. Meeks, 52 F.3d 1547, 1552 (10th Cir. 1995) ("Section 1983 creates no substantive civil rights, only a procedural mechanism for enforcing them.").

"Although summary judgment provides the typical vehicle for asserting a qualified immunity defense, [the court] will also review this defense on a motion to dismiss" but will "not dismiss a complaint 'for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Peterson v. Jensen, 371 F.3d 1199, 1201-02, (10th Cir. 2004) (quoting Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001)). In the past, the Tenth Circuit has required a plaintiff to meet a heightened pleading standard upon a defendant's assertion of qualified immunity. Currier, 242 F.3d at 911. The Tenth Circuit in Currier held, however, that this heightened pleading requirement does not survive the Supreme Court's opinion in Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Id. at 916.

The framework for reviewing a qualified immunity defense is well settled. The first step is to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998). In other words, the court must determine "whether plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736 (2002). "Only after determining that [the plaintiff] has alleged a deprivation of a constitutional right, does this court ask whether the right allegedly violated was clearly established at the time of the conduct at issue." Baptiste v. J.C. Penney Co., 147 F.3d 1252,

1255 n.6 (10th Cir. 1998). "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether 'the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)).

In determining whether defendants are entitled to qualified immunity, the court must look to each individual defendant to determine whether he or she "acted under color of state law and caused or contributed to the alleged violation." Smith v. Barber, 195 F. Supp.2d 1264, 1274 (D. Kan. 2002); Currier v. Doran, 242 F.3d 905, 919 (10th Cir. 2001). While Blackmon is not held to a heightened pleading standard, he "must show the defendant personally participated in the alleged violation ... it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation." In addition, Blackmon "must establish a deliberate, intentional act by the supervisor to violate constitutional rights." Id. at 1274. "This standard may be satisfied by a showing that a defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." Id.

Blackmon's complaint, however, lacks well-pleaded factual allegations specific to each defendant. The complaint has alleged JDF staff committed certain acts that violated Blackmon's constitutional rights. The court cannot, however, construe the complaint to read that each defendant was present and participated in all of the alleged acts. Blackmon's allegations that can be construed to a specific

defendant, i.e. the allegations under each count, are conclusory.

Faced with a motion to dismiss on the basis of qualified immunity, the court has the discretion to "require a plaintiff to plead 'specific, nonconclusory factual allegations' to survive a prediscovery motion for dismissal." Currier, 242 F.3d at 916 (quoting Crawford-El, 523 U.S. at 598, 118 S. Ct. 1584). Defendants have requested a more definite statement pursuant to Fed. R. Civ. P. 12(e). Rule 12(e), however, is only applicable when a defendant has not filed a responsive pleading. In this case, all defendants have filed an answer in response to Blackmon's complaint. Accordingly, the court finds that Blackmon must file an amended complaint by February 13, 2006. By February 27, 2006, defendants may file a brief to supplement their motion to dismiss. Blackmon may respond by March 13, 2006. No reply will be filed.

## IV.  CONCLUSION

Defendants' motion to dismiss on the basis of quasi-judicial immunity is denied. Defendants' motion to dismiss on the basis of qualified immunity is denied, without prejudice. Blackmon must file an amended complaint by February 13, 2006.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise

available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __30th__ day of January 2006, at Wichita, Kansas.

                                  s/ Monti Belot
                                  Monti L. Belot
                                  UNITED STATES DISTRICT JUDGE