IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDON BLACKMON, et.al.,

        Plaintiff,

v.                                                  Case No. 05-1029-MLB-DWB

BOARD OF COUNTY COMMISSIONERS
OF SEDGWICK COUNTY, KANSAS, et.al.,

        Defendants.

## MEMORANDUM AND ORDER

On December 23, 2010, Plaintiff filed a Motion for an Order Permitting Extended Examination of Witnesses and an accompanying memorandum. (Doc. 201, 202.) Defendant responded, generally opposing further examination of Defendant's witnesses (Doc. 206), and Plaintiff filed a reply. (Doc. 208.) After reviewing the briefs, the Court is prepared to rule.

### FACTS

The governing scheduling orders in this case contain a provision governing the length of depositions which provides that "[e]ach deposition shall be limited to 8 hours." *See e.g.*, Doc. 171, at 3 ¶ 2h. Plaintiff has previously deposed three of Defendants' fact witnesses, Joan Fitzjarrald, Marla Sutton and Mark Masterson.

Plaintiff has prepared and included in his memorandum a table showing the stop and start times for each of these three depositions, including any breaks requested by either party. (Doc. 202, at 4.) According to Plaintiff's calculations, he has not used the entire eight-hour period for any the three depositions. However, Plaintiff also believes that additional time is necessary for him to complete these depositions and he has requested the following:

<u>Joan Fitzjarrald</u>    an additional six hours of deposition time (which includes 2 hours and 24 minutes which Plaintiff contends was not used previously);

<u>Marla Sutton</u>    an additional four hours of deposition time (which includes 2 hours and 31 minutes which Plaintiff contends was not used previously);

<u>Mark Masterson</u>    an additional four hours of deposition time (which includes 35 minutes which Plaintiff contends was not used previously).

Defendants do not seriously question Plaintiff's calculations as to the time spent during the deposition, but point out that the Court's scheduling orders have already allowed eight hours of deposition, which is more than the "default" time under Fed. R. Civ. P. 30(d)(1) which is "1 day of 7 hours." Defendants further

dispute how any of the break time should be counted.  Defendants argue that Plaintiff's counsel was late on at least one occasion and that several of the breaks that are not counted in the deposition time were breaks requested by Plaintiff's counsel, suggesting that this time should not be deducted from the time spent in the actual deposition.  Finally, Defendants argue that Masterson had testified for a considerable period of time as a Rule 30(b)(6) deposition witness and therefore there should be no need for additional time to complete his individual deposition.

## DISCUSSION

In this case, as Defendants note, the Court in its scheduling order provided for more than the presumptive seven hours set out in Rule 30(d).  However, Rule 30(d)(1) also states that a "court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination."  The parties refer to the 2000 Advisory Committee Notes to Fed. R. Civ. P. 30 concerning factors that should be considered by the Court in deciding whether there is good cause to allow addition deposition time.  These include, for example:

1. whether the examination will cover events occurring over a long period of time;

2. where documents are furnished to a deponent before the deposition

> but the deponent fails to read or review them; or

3. where documents have been requested but not produced prior to the deposition.

The Court begins with the calculation of deposition time already used in each of the three depositions. After reviewing the parties' briefs, the Court finds that the calculations set out by Plaintiff are accurate. The 2000 Advisory Committee notes specifically state that "the only time to be counted is the time occupied by the actual deposition." Furthermore, the Court rejects Defendants' suggestion that in counting breaks taken during the deposition, the Court should penalize Plaintiff if it was his counsel that initiated a break. *See e.g.*, Doc. 206, at 4. As stated in the 2000 Advisory Committee notes, "[i]t is assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided." While Plaintiff's counsel may have been late starting one deposition, and while Plaintiff's counsel may have requested some of the breaks during the deposition, nothing suggests that the amount of break time taken during these depositions was unreasonable. Therefore, Plaintiff still has the availability of the following time periods for the continued deposition of these three individuals:

<u>Joan Fitzjarrald</u>    2 hours and 24 minutes;

<u>Marla Sutton</u>    2 hours and 31 minutes; and

<u>Mark Masterson</u>     35 minutes.

The question then presented is whether Plaintiff has shown good cause for extended times beyond those presently unused. In assessing the presence of good cause, the factors set out in the 2000 Advisory Committee notes do not appear to be exclusive, and the Court can consider any facts that bear on the question of whether additional time is required in order for Plaintiff to be able to fairly examine these three fact witnesses.

Defendants argue that the duration of events covered by the depositions are not lengthy, and all such events occurred within a period of approximately four months. While four months may not seem like a long time period, it certainly encompasses more detail and recollection than events which occurred at one time such as an automobile accident. In addition, what Defendants do not mention, is how long ago these events occurred – fourteen years ago (in 1997). Where deponents are questioned about events occurring so long ago, the depositions often are much slower because the witness must attempt to recall events that are so distant in time. Even with the assistance of documents, these depositions naturally take longer. In this case, the Court believes that this factor weighs in favor of additional deposition time.

As to documents, Defendants urge that Plaintiff did not provide any

documents to the deponents prior to their depositions so they could review those documents in preparation for their testimony. (Doc. 206, at 3.) Plaintiff counters that at least in the case Ms. Fitzjarrald's deposition, over four hundred pages of her employment file and related documents were not given to Plaintiff until the actual deposition, even though they had been the subject of an outstanding document request. (Doc. 208, at 3-4.) Plaintiff's counsel also noted that approximately 3,300 pages of documents were produced by Defendants only six days prior to Mr. Masterson's deposition, and that counsel had not had sufficient opportunity to review those documents prior to his deposition. (Doc. 208, at 5.)[1] While the Court does not place any blame on either counsel concerning handling of documents relevant to these depositions, the circumstances generally weigh in favor of some additional deposition time.

Finally, the Court rejects Defendants' suggestion that no further time should be allowed for Mr. Masterson's deposition (and Ms. Sutton's deposition) since they had given lengthy testimony as Rule 30(b)(6) witnesses for the County. (Doc. 206, at 4-5, 6.) The 2000 Advisory Committee notes specifically state that "[f]or

---

[1] Defendants argue that if Mr. Masterson's deposition is continued, it is likely that he will have to devote an additional six to eight hours preparing for the extended questioning. (Doc. 206, at 5.) This suggests to the Court that there are now additional documents that Defendants' counsel needs to review with Mr. Masterson; otherwise, this extensive amount of preparation time would not seem to be necessary.

6

purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Implicit in this statement is the recognition that Rule 30(b)6) depositions are completely separate from individual fact depositions, and time used during a 30(b)(6) deposition should not be counted or considered concerning the time allowed for a separate deposition of the individual witness.

After consideration of all arguments made by the parties, the Court concludes that Plaintiff should be allowed to complete the depositions of these three witnesses with the following time limitations (which include the unused time calculated by Plaintiff):

    Joan Fitzjarrald    five hours;

    Marla Sutton    four hours; and

    Mark Masterson    three and one-half hours.

The depositions may be taken in any sequence determined by Plaintiff, and at a time and place mutually agreed by the parties.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Order Permitting Extended Examination of Witnesses (Doc. 201) is hereby GRANTED

IN PART and DENIED IN PART, as set out in this Memorandum and Order.

IT IS SO ORDERED.

Dated at Wichita, Kansas this 14th day of February, 2011.

s/ Donald W. Bostwick
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE